**SIGNED THIS: February 01, 2010**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| JON C. WILKERSON and | ) | |
| CHARI L. WILKERSON, | ) | Case No. 07-72213 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT VANBEBBER and | ) | |
| SHARON VANBEBBER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 08-7025 |
| | ) | |
| JON C. WILKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N

Before the Court is a Motion for Attorney's Fees filed by Robert and Sharon VanBebber ("Plaintiffs") and the Objection

-1-

thereto filed by Jon C. Wilkerson ("Defendant"). Following a finding in their favor as to the nondischargeability of a debt owed to them by Defendant, Plaintiffs seek an award of attorney's fees against Defendant and also request a finding that such attorney's fees are nondischargeable. Because there is no authority for granting the requested award of fees, Plaintiffs' Motion must be denied.

Defendant and his wife filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on October 25, 2007. On February 7, 2008, Plaintiffs commenced this adversary proceeding objecting to the dischargeability of a debt owed to them by Defendant. The debt arose out of Defendant's acts and omissions while serving as the general contractor for the construction of Plaintiffs' residence. Specifically, the debt consists of $29,957.50 owed and, apparently, still owing to subcontractor Langheim Concrete plus $2,658.65 which Plaintiffs paid to subcontractor Manchester Plumbing to obtain a mechanics lien waiver, for a total amount of $32,616.15. Plaintiffs had paid the $32,616.15 directly to Defendant but, despite his express representations to the contrary, the Defendant did not remit the money to the subcontractors on Plaintiffs' behalf.

On February 27, 2009, a two-count First Amended Complaint was filed by Plaintiffs. Count I was brought pursuant to 11 U.S.C. §523(a)(2)(A) (intentionally false statement intended to deceive),

and Count II was brought pursuant to 11 U.S.C. §523(a)(4) (fraud or defalcation while acting in a fiduciary capacity). The case was tried on August 18, 2009. On November 19, 2009, this Court issued an oral ruling in favor of Plaintiffs on Count I of the First Amended Complaint and against Plaintiffs on Count II of the First Amended Complaint. On the same date, this Court entered an order finding the debt of the Defendant to the Plaintiffs in the amount of $32,616.15 to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). On November 30, 2009, Plaintiffs filed their Motion for Attorney's Fees wherein Plaintiffs seek an award of attorney's fees of $13,650 plus costs of $424.30, for a total of $14,074.30. Plaintiffs contend that the Illinois Mechanics Lien Act, 770 ILCS §60/1 *et seq.* ("IMLA"), which is the statute under which Plaintiffs are currently being sued by Langheim Concrete to foreclose its mechanics lien on their residence, allows the Court discretion in awarding attorney's fees to a prevailing party.

In response and in opposition to Plaintiffs' Motion, Defendant argues that the IMLA only authorizes a state court in a proceeding under the IMLA to award fees against a party in such a proceeding.

The Court's November 19, 2009, Order was a final order. To obtain the relief prayed for in the Motion for Attorney's Fees, Plaintiffs should have also moved to alter or amend the final order pursuant to Federal Rule of Civil Procedure 59(e), as made

applicable to these proceedings by Bankruptcy Rule 9023.[1] Fed.R.Civ.P. 59(e); Fed.R.Bankr.P. 9023.  The Seventh Circuit requires that motions filed within the time period set forth in Federal Rule 59(e) seeking relief from an order be treated as motions to alter or amend. *See* Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986).  Accordingly, Plaintiffs' Motion for Attorney's Fees will be treated as a motion to alter or amend.

A court may alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment.  11 Charles A. Wright et al., *Federal Practice and Procedure* §2810.1, 2d ed. (2009); *see also* Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (motion to alter or amend under Rule 59 allows a party to direct the court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid appellate procedures).  Federal Rule 59(e) does not provide a vehicle for a party to undo its own

---

[1] The Motion for Attorney's Fees was timely filed and, accordingly, may properly have sought to alter or amend the Court's November 19, 2009, Order.  The tenth day after the entry of the Order – November 29, 2009 – was a Sunday and, therefore, the Motion filed on Monday, November 30, 2009, was filed within the time period set forth in Federal Rule 59(e). Fed.R.Bankr.P. 9006(a).

procedural failures, and it does not allow a party to introduce new evidence or present new arguments that could have and should have been presented prior to the judgment. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995).

Federal Rule of Civil Procedure 60, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024, provides relief which somewhat overlaps the relief provided by Federal Rule 59(e), and enables a court to grant relief from a judgment under the particular circumstances set forth in the Rule. *See* Fed.R.Civ.P. 60; Fed.R.Bankr.P 9024; *see also* Russell, 51 F.3d *at* 749. Those circumstances include "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). Federal Rule 60(b) is, however, an extraordinary remedy, and was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law. Russell, 51 F.3d *at* 749. Attorney failures, for instance, provide no basis for avoiding a judgment under Federal Rule 60(b). Id. (citation omitted).

In their Motion for Attorney's Fees, Plaintiffs do not fully explain the grounds they believe would allow this Court to alter, amend, or grant relief from its Order entered November 19, 2009. Plaintiffs did not make a request for attorney's fees or costs in their Amended Complaint or during trial, and Plaintiffs do not address on what basis or theory they may do so after the entry of a final order. Plaintiffs admit that the contract they had with

-5-

the Defendant did not provide for the payment of fees in the event of a breach.  Plaintiffs merely assert that, because Langheim Concrete has brought an action against the Plaintiffs in state court under the IMLA, this Court has discretion to award attorney's fees based upon §60/17(b) of the IMLA.  However, that assertion falls far short of stating a basis for the alteration or amendment of, or the granting of relief from, a final order.

Further, the portion of the IMLA relied upon by Plaintiffs reads as follows:

> (b) If the court specifically finds that the owner who contracted to have the improvements made failed to pay any lien claimant the full contract price, including extras, without just cause or right, the court may tax that owner, **but not any other party**, the reasonable attorney's fees of the lien claimant who had perfected and proven his or her claim.

770 ILCS §60/17(b). (emphasis added).

Even if this Court could find a basis under Federal Rules 59(e) or 60(b) to alter, amend, or grant relief from its Order entered November 19, 2009, Plaintiffs cannot obtain the relief they seek pursuant to §60/17(b) of the IMLA by virtue of the clear and unambiguous language of the statute.  No party other than the property owner may have attorney's fees taxed against him.  Id. Defendant is not the property owner.  Therefore, Defendant cannot have attorney's fees taxed against him under §60/17(b) of the IMLA.

In their Reply to Defendant's Response to Motion for Attorney's Fees, Plaintiffs - for the first time - assert that the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1 *et seq.* ("the Consumer Fraud Act"), also provides a basis for an award of attorney's fees.  *See* 815 ILCS §505/10a(c). Plaintiffs' reliance on the Consumer Fraud Act fails, however, because the Consumer Fraud Act did not serve as the basis for the Plaintiffs' underlying claim in this case or as a basis for this Court's ruling as to the nondischargeability of that claim.

Generally, unless an award of fees is expressly authorized by statute or an enforceable contract between the parties, federal courts follow the "American Rule" under which a prevailing party is not entitled to collect attorney's fees from a non-prevailing opponent.  In re Sheridan, 105 F.3d 1164, 1166 (7th Cir. 1997) (citations omitted).  This general rule applies to litigation in the bankruptcy courts as well.  Id.  Plaintiffs admit they have no contractual claim for fees.  The only statutory authority for an award of attorney's fees in a dischargeability proceeding under §523(a)(2) appears at §523(d), which grants attorney's fees to a debtor if a court finds that the creditor's position was not reasonably justified.  Sheridan, 105 F.3d *at* 1166; 11 U.S.C. §523(d).  This subsection of the Bankruptcy Code is inapplicable on its face to the facts of this case because it only provides for an award of attorney's fees to a prevailing debtor.  Here, the award is sought by a prevailing creditor.

The Seventh Circuit's holding in Sheridan shapes the required

analysis of the issues here and confirms that Plaintiffs' Motion for Attorney's Fees should be denied. The Court in Sheridan stated that, although the determination of the validity of a creditor's claim in bankruptcy is made by looking at relevant state law, the dischargeability of that debt presents an issue "of federal law independent of the issue of the validity of the underlying claim." Sheridan, 105 F.3d *at* 1167, *quoting* Grogan v. Garner, 498 U.S. 279, 289, 111 S.Ct. 654, 661 (1991). Although the validity of a creditor's claim is governed by state law, the nondischargeability question is still "a matter of federal law governed by the terms of the Bankruptcy Code." Sheridan, 105 F.3d *at* 1167, *quoting* Grogan, 498 U.S. *at* 284, 111 S.Ct. *at* 658.

When a cause of action is federal, a court does not ordinarily look to state law in considering whether to award attorney's fees. Sheridan, 105 F.3d *at* 1167; *see also* F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., 417 U.S. 116, 127, 94 S.Ct. 2157, 2164 (1974) (where a cause of action is federal, the scope of available remedies, including the award of attorney's fees, is a matter of federal and not state law); *see also* In re Kusmierek, 224 B.R. 651, 658 (Bankr. N.D. Ill. 1998) (it is clear that, without an award of attorney's fees under non-bankruptcy law, fees cannot be awarded by the bankruptcy court, let alone made nondischargeable).

Clearly, the dischargeability of a debt in bankruptcy is a question of federal law and not state law. The law is set forth in

Title 11 of the United States Code at §523.  Count I of Plaintiffs' Amended Complaint was filed pursuant to 11 U.S.C. §523(a)(2)(A), and Plaintiffs prevailed by proving the required elements of that subsection.  This Court awarded Plaintiffs all of the relief they sought and all of the relief to which they were entitled under the statute upon which they relied.  No authority exists under §523 to grant the further relief requested now.

Plaintiffs have also asserted that, as a general principle, when an underlying debt is found to be nondischargeable, related attorney's fees are also nondischargeable.  Plaintiffs cite Klingman v. Levinson, 831 F.2d 1292 (7th Cir. 1987), as authority for their assertion.

Klingman does not stand for such a broad proposition.  In Klingman, the debtor entered into a consent decree in state court conceding that he had violated fiduciary duties by misappropriating assets of a trust.  The debtor also stipulated and agreed to pay certain attorney's fees.  The court in Klingman found that the debtor was barred from re-litigating the issue of defalcation under the principle of collateral estoppel because of his entry into the consent decree.  The court further found that, although the state court did not have statutory authority to award legal fees, in Illinois, attorney's fee awards are allowed if the parties stipulate to such an award.  Id. at 1297.  Hence, the reason why attorney's fees were awarded and found to be nondischargeable in

<u>Klingman</u> was because the debtor agreed to the award of attorney's fees as well as to the validity of the related debt which was determined to be nondischargeable.

There is nothing in the IMLA, in the Consumer Fraud Act, in the Bankruptcy Code, in any other state or federal statute, or in any enforceable contract between the parties which would authorize an award of nondischargeable attorney's fees to Plaintiffs in this proceeding.  Consequently, Plaintiffs' Motion for Attorney's Fees must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###